IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| SIRAJ IBRAHIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-cv-02616-JDT-tmp |
| | ) | |
| RHONDA HARRIS and JASMINE WRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

_____

REPORT AND RECOMMENDATION
_____

On September 17, 2015, *pro se* plaintiff Siraj Ibrahim filed a complaint against Rhonda Harris, a Shelby County Judicial Commissioner, and Jasmine Wright, an employee at Cocaine and Alcohol Awareness Program, Inc. ("CAAP, Inc."). (ECF No. 1.) The same day, Ibrahim also filed an application to proceed *in forma pauperis*, which the court granted on October 6, 2015. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, it is recommended that Ibrahim's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915(e)(2)(B)(iii).

I. PROPOSED FINDINGS OF FACT

On September 17, 2015, plaintiff Siraj Ibrahim filed a complaint alleging civil rights violations under 42 U.S.C. § 1983. In his complaint, Ibrahim alleges:

> Plaintiff filed a motion in General Sessions of Shelby County for a hearing on 9-17-15. Judicial Commissioner Rhonda Harris refused to set the matter for a hearing to correct an order she signed due to Defendant Jasmine Wright lied and told Rhonda Harris Siraj Ibrahim agreed to when in fact he did not and refused to correct it and Jasmine Wright is not a licensed attorney and acts as such in violation of law.

Ibrahim requests the following relief from the court:

> I want Judicial Comm. Rhonda Harris to not hear any cases concerning Siraj Ibrahim or related parties and that Rhonda Harris to not violate my Due Process rights and for Jasmine Wright be stopped from further violations of my Due Process rights and for Jasmine Wright to not act or present herself as an attorney and for no other violations of my Due Process rights.

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint in this case states a claim on which relief may be

granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however,

are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.")

**B.     Claims Against Judicial Commissioner Harris**

In his complaint, Ibrahim requests that Shelby County Judicial Commissioner Harris be prohibited from hearing any cases concerning him "or related parties." (ECF No. 1.) The

court interprets this request as a request for injunctive relief. However, under the 1996 amendment to § 1983, "injunctive relief shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Savoie v. Martin, 673 F.3d 488, 496 (6th Cir. 2012); Coleman v. Governor of Mich., No. 09-1139, 2011 WL 894430, at *5 (6th Cir. Mar. 16, 2011); Colvin v. Heyns, No. 1:15-cv-70, 2015 WL 630481, at *4 (W.D. Mich. Feb. 12, 2015); Teats v. Johnson, No. 3:11-cv-753, 2012 WL 2905546, *1 (M.D. Tenn. July 16, 2012); Bracey v. Barbour, No. 3:12-cv-629, 2012 WL 2395171, *9 (M.D. Tenn. June 25, 2012); Reece v. Whitley, No. 3:11-cv-1122, 2011 WL 5925560, *2 (M.D. Tenn. Nov. 22, 2011); Chapman v. Troutt, No. 3:10-cv-01009, 2011 WL 2160941, *7 (M.D. Tenn. June 1, 2011). The Sixth Circuit has previously held that Harris, in her role as judicial commissioner, was entitled to judicial immunity. See Jones v. Harris, 22 F. App'x 520, 521 (6th Cir. 2001). Because Ibrahim cannot obtain injunctive relief against Judicial Commissioner Harris, the court recommends that Ibrahim's claims against her be dismissed.

**C. Claims Against Jasmine Wright**

With regard to the allegations against Jasmine Wright, an employee at CAAP, Inc., Ibrahim alleges that Wright "lied and

told Rhonda Harris Siraj Ibrahim agreed to [an order] when in fact he did not" and that she "is not a licensed attorney and acts as such in violation of law." (ECF No. 1.) In his request for relief, Ibrahim asks that "Jasmine Wright be stopped from further violations of my Due Process rights and for Jasmine Wright to not act or present herself as an attorney." (ECF No. 1.) However, a claim for constitutional violations grounded in due process requires an allegation of unlawful action by the government; such an action cannot be maintained against private parties. Public Utilities Comm'n of Dist. of Columbia v. Pollak, 343 U.S. 451, 461 (1952); Wilson v. Delk, No. 13-cv-2667-STA-tmp, 2014 WL 4929252, at *4 (W.D. Tenn. Aug. 4, 2014). Because Wright is a private party, it is recommended that Ibrahim's due process claim against her be dismissed for failure to state a claim.

### III. RECOMMENDATION

For the reasons above, it is recommended that all claims be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915(e)(2)(B)(iii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 7, 2015
Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**