IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SIRAJ IBRAHIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2616-JDT-tmp |
| | ) | |
| RHONDA HARRIS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Siraj Ibrahim, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on September 17, 2015, along with a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Tu M. Pham subsequently granted leave to proceed *in forma pauperis*. (ECF No. 5.) On October 7, 2015, Magistrate Judge Pham issued a Report and Recommendation ("R&R") in which he recommended the case be dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii). (ECF No. 6.) Objections to the R&R were due within 14 days, on or before October 26, 2015. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a)(1)(C), (d). However, Plaintiff did not file any objections to the R&R.

The Magistrate Judge determined that Plaintiff's claims for injunctive relief against Defendant Harris, a Shelby County Judicial Commissioner, were barred by judicial

immunity. Magistrate Judge Pham also found that Plaintiff has no valid claim against Defendant Wright, a private citizen who does not act under color of state law, for allegedly violating his right to due process. The Court agrees with that analysis. Therefore, the R&R is ADOPTED, and this case is hereby DISMISSED pursuant to §§ 1915(e)(2)(B)(ii)-(iii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE